[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15449
Non-Argument Calendar

_____

Agency No. A073-178-928

BEN JIAN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 19, 2015)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ben Jian Chen, a Chinese citizen, petitions for review of a decision of the Board of Immigration Appeals ("BIA") that affirmed an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  Mr. Chen argues only that he properly established a well-founded fear of persecution on account of his practice of Falun Gong, which he began after he came to the United States.  After careful consideration of the briefs and the record, we deny the petition.

I.

In 1993, Mr. Chen entered the United States from China and then sought asylum.  His asylum application apparently lay dormant for over a decade.  In 2005, he was charged with removability under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), and ordered to appear for removal proceedings.  Mr. Chen amended his asylum application in 2006 and conceded removability as charged but affirmed his pursuit of asylum, withholding of removal, and CAT protection.  In 2013, Mr. Chen again amended his asylum application to assert that he had a well-founded fear of persecution based on his practice of Falun Gong, a spiritual practice banned in China.

In support of his application, Mr. Chen submitted evidence of his Falun Gong practice.  This evidence showed that in 2011 he began practicing Falun Gong to improve his health.  He engaged in the practice at home by himself and, about

2

once or twice per week, would meet with others to practice Falun Gong in a public park.  Mr. Chen also handed out materials about Falun Gong to passersby once per week.

Mr. Chen also submitted evidence of possible mistreatment he believes he would suffer were he to return to China.  The evidence shows that neighbors from Mr. Chen's home village observed Mr. Chen practicing Falun Gong in the United States and relayed this information to Chinese officials.  Then, in August 2012, Chinese government officials visited Mr. Chen's mother in China.  The officials told her that they knew about Mr. Chen's Falun Gong activities.  They warned that Mr. Chen's conduct was a serious criminal act and demanded that his mother urge him to stop his involvement with Falun Gong and return to China for punishment.  They further warned that if Mr. Chen disobeyed government orders, he would be "punished more severely."  Admin. R. at 303-304.  Specifically, Mr. Chen would be sentenced to prison where he would "lose personal freedom." *Id.*  The government officials followed-up with a letter to Mr. Chen's mother reiterating these warnings.  Neither the oral threats nor the written warning identified any specific punishment except for detention, and neither specified how long Mr. Chen would be detained if caught.

After an evidentiary hearing, the IJ denied Mr. Chen's application for asylum, withholding of removal, and CAT protection.  The IJ found that Mr. Chen

3

failed to establish past persecution, relying on Mr. Chen's admission that he never practiced Falun Gong in China and thus was never mistreated in China on account of his Falun Gong practices. The IJ also found Mr. Chen's testimony incredible and unreliable and held that he failed to establish a well-founded fear of future persecution. Because Mr. Chen failed to establish a well-founded fear of persecution, the IJ denied his application for asylum and withholding of removal. And because Mr. Chen introduced no evidence that he would be tortured in China if removed there, the IJ denied his request for CAT relief as well. Mr. Chen appealed to the BIA.

The BIA presumed Mr. Chen's credibility but nonetheless found, on *de novo* review, that he had failed to demonstrate a well-founded fear of future persecution. In particular, the BIA concluded that the threats to Mr. Chen's freedom, delivered through his mother in China, were insufficient to meet his burden of showing he harbored a well-founded fear of persecution. For this reason, the BIA determined he was ineligible for asylum. Because the BIA found Mr. Chen failed to satisfy the lower burden of proof for asylum based on Falun Gong-related mistreatment, the BIA concluded that he also failed to satisfy the higher burden of proof for

withholding of removal on this basis.  For these reasons, the BIA dismissed Mr. Chen's appeal.[1]

Mr. Chen petitions this Court for review of the BIA's decision.

## II.

"We review only the BIA's decision, except to the extent that it expressly adopt[s] the IJ's opinion or reasoning."  *Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1234 (11th Cir. 2013) (internal quotation marks omitted) (alteration in original). Here, the BIA did not expressly adopt the IJ's opinion or reasoning, so we review the BIA's decision only.

"We review a factual determination that an alien does not have a well-founded fear of persecution under the substantial evidence test."  *Id.*  "Thus, we must affirm if the BIA's decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (internal quotation marks and citation omitted).  "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision."  *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).  In order to conclude that a finding of fact should be reversed, we must determine that the record compels reversal.  *Id.*

---

[1] The BIA did not address Mr. Chen's request for CAT relief because, although he made a passing reference to CAT in his appeal, he did not contest the IJ's denial of his request for CAT relief.  Mr. Chen also failed to argue he suffered past persecution, so the BIA did not consider that issue either.

5

III.

To qualify for asylum, an applicant must establish that he has a well-founded fear that he will be persecuted on account of a protected ground in the Immigration and Nationality Act.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230-31 (11th Cir. 2005).  A petitioner must establish either past persecution or a reasonable possibility that he will be singled out for future persecution.  *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008). Because Mr. Chen does not argue he suffered past persecution, we must consider whether the record compels a finding that Mr. Chen harbors a well-founded fear of future persecution.

"'Persecution' is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . .  mere harassment does not amount to persecution." *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009) (internal quotation marks omitted) (quoting *Sepulveda*, 401 F.3d at 1231).  "To establish a 'well-founded fear,' [Mr. Chen] must demonstrate that his fear is both subjectively genuine and objectively reasonable." *Zheng*, 451 F.3d at 1291.  Mr. Chen demonstrated that he subjectively feared future persecution, averring that if he were to return to China, he would continue practicing Falun Gong and believed he would be jailed, beaten, and lose "personal freedom." Admin. R. at 304.  The BIA assumed that Mr. Chen was credible for purposes of its analysis, so we do as well.  *See Shi*, 707 F.3d at 1234.

6

The record is insufficient, however, to compel a finding that his fear of persecution was objectively reasonable.  Even considering the evidence cumulatively as we must, *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008), we are not compelled to characterize Mr. Chen's threatened mistreatment as "persecution."  According to Mr. Chen, after government officials in China learned of his Falun Gong activities, they verbally questioned his mother about them.  They told her to urge Mr. Chen to return to China to accept a punishment, and they followed-up with a letter to his mother warning that if he failed to return, he would "suffer serious consequences" and would be "stringently punished and jailed."  Admin. R. at 326.  The threats do not specify the type or degree of punishment or the length of detention.  This verbal harassment and threat of detention, although harrowing, does not constitute persecution.  *See Djonda*, 514 F.3d at 1171, 1174 (holding that evidence that petitioner was beaten, kicked, and detained for 36 hours by police, made to drink unclean liquid, and released with a warning that the next time he was arrested he would "rot in jail," did not compel the conclusion that the petitioner suffered persecution); *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290-91 (11th Cir. 2006) (holding that a short period of detention, during which time the petitioner was forced to watch anti-Falun Gong reeducation videos, stand in the sun for two hours, and pledge to stop practicing Falun Gong, was insufficient to compel a finding of past persecution).

7

In addition to the threats of imprisonment noted above, which alone are insufficient to amount to persecution, Mr. Chen relies on evidence in annual reports issued by the United States Department of State that the Chinese government has engaged in a harsh and comprehensive campaign against Falun Gong.  The State Department has recognized that Falun Gong practitioners, among others, have been "targeted for arbitrary arrest, detention, and harassment."  U.S. Dep't of State, Country Reports on Human Rights Practices for 2009, China ("2009 Human Rights Report").[2]  But the State Department also has noted that it was "Falun Gong members identified by the government as 'core leaders' [who] were singled out for particularly harsh treatment."  *Id.*  According to the 2009 Human Rights Report, "[m]ost practitioners . . . were punished administratively." *Id.*  Mr. Chen does not argue that he is a core leader in Falun Gong who might be subjected to treatment amounting to persecution.  Thus, this report does not tip the scales in favor of compelling a finding that Mr. Chen's fear of persecution is objectively reasonable.  *See Zheng*, 451 F.3d at 1291 (considering a country report on abuses against Falun Gong practitioners in China in concluding that substantial evidence supported denial of asylum for practitioner who was detained for five days).  Mr. Chen's concern for his freedom to practice Falun Gong in China, no

---

[2] Mr. Chen does not direct the Court to any specific State Department report, but the 2009 Human Rights Report appears in the administrative record.

matter how sincere, does not compel us to find that Mr. Chen harbors an objectively reasonable, well-founded fear of persecution.

Because Mr. Chen is unable to establish a claim of asylum based on his fear of persecution for his Falun Gong practices, Mr. Chen also fails to establish eligibility for withholding of removal on this basis. *See Sepulveda*, 401 F.3d at 1232-33 (noting that the "more likely than not" standard—the standard for proving a threat to life or freedom to warrant withholding of removal—is more stringent than the standard for asylum). On appeal, Mr. Chen advances no argument about the denial of relief under CAT and thus has abandoned that issue. *Sepulveda*, 401 F.3d at 1228 n.2.

## IV.

For the foregoing reasons, Mr. Chen's petition is denied.

**PETITION DENIED.**

9